UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TARGET NATIONAL BANK,<br><br>  Plaintiff,<br><br>vs.<br><br>NICOLE CAMPANELLA,<br><br>  Defendant/Third Party Plaintiff,<br><br>vs.<br><br>LYONS, DOUGHTY & VELDHUIS, P.C.,<br>And it's agents and/or employees,<br><br>  Third Party Defendant. | Civil Action No. 1:13-cv-01381<br>(NLH/AMD)<br><br><br><br>**FILED ELECTRONICALLY** |

**BRIEF IN OPPOSITION TO DEFENDANT/THIRD PARTY PLAINTIFF'S MOTION OPPOSING REMOVAL AND REQUESTING REMAND AND IN SUPPORT OF THIRD PARTY DEFENDANT'S CROSS MOTION FOR A TEMPORARY RESTRAINING ORDER/ORDER TO SHOW CAUSE AND VACATING DEFAULT JUDGMENT**

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
Attorneys for Third Party Defendant
Lyons, Doughty & Veldhuis, P.C.

Gregg S. Kahn, Of Counsel and On the Brief.

1569333.1

## **PRELIMINARY STATEMENT**

The facts of this case, which already has resulted in several letters being sent to the Court, are relatively simple. Plaintiff Target National Bank ("Target" or "plaintiff") filed a collection Complaint against defendant/third party plaintiff Nicole Campanella ("Campanella" or "defendant/third party plaintiff") in the Superior Court of New Jersey, Law Division, Special Civil Part, Gloucester County ("State Court"). Campanella then filed a Third Party Complaint against third party defendant Lyons, Doughty & Veldhuis, P.C. ("LD&V" or "third party defendant").

In her Third Party Complaint, Campanella asserts – among other causes of action – claims brought pursuant to the federal, Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Campanella then sent the Third Party Complaint to LD&V via USPS overnight mail, which does not constitute effective service in accordance with the New Jersey Court Rules. A few weeks later, the Special Civil Part – in accordance with the Rules – properly served the Third Party Complaint upon LD&V via the Court's, service by mail program. LD&V then removed the State Court litigation to this Court, which was both timely (i.e., LD&V filed a Notice of Removal within 30 days of being properly served by the Court) and proper (i.e., this Court has federal question jurisdiction of this litigation based upon Campanella's FDCPA claim).

1

A few days prior to the filing of the Notice of Removal, Campanella sought entry of default judgment against LD&V in State Court based upon an incorrect service date (i.e., the date that LD&V received Campanella's mailing, which does not constitute proper service), which the State Court apparently entered as matter of course. Campanella, even though the State Court no longer has jurisdiction of this case and notwithstanding LD&V's position that the default judgment was improperly entered, has sent an Information Subpoena to LD&V, has demanded that LD&V respond to it and has threatened to seek "contempt sanctions" against LD&V if it does not respond to the Information Subpoena or otherwise comply with Campanella's efforts to collect on a judgment that was not properly entered in the first place.

The subject motion – filed by Campanella – followed. In her application, Campanella opposes removal on several grounds and requests that this litigation to be remanded to State Court. LD&V opposes Campanella's motion for the reasons discussed in greater detail below.

Of more immediate importance, however, is LD&V's cross motion. In light of Campanella's insistence on seeking to collect on a default judgment that was based upon improper service of process, LD&V cross moves to vacate the default judgment. LD&V also respectfully requests that this Court set this matter down for

a hearing as soon as possible so that LD&V can be heard on its application for a Temporary Restraining Order/Order to Show Cause, which would enjoin and restrain Campanella from engaging in any collection efforts arising from the purported default judgment until this matter can be fully heard on the merits.

For all of the foregoing reasons, and for the reasons set forth below, LD&V requests that Campanella's motion opposing removal and requesting remand be denied, requests that its application for an Order to Show Cause/Temporary Restraining Order be granted, and requests that its cross motion vacating default judgment be vacated as well.

## STATEMENT OF FACTS

The facts in connection with this submission can be gleaned from the accompanying Certification of Gregg Kahn, Esq. (hereinafter "Kahn Cert."), the accompanying Certification of Hillary Veldhuis, Esq. (hereinafter "Veldhuis Cert."), and the documents already on file with this Court. They reveal the following.

<u>The Filing Of The Third Party Complaint Against LD&V</u>

Target commenced a collection action in State Court on or around January 10, 2013. Campanella filed an Answer to the Complaint and a Third Party Complaint against LD&V on or around January 23, 2013. <u>See</u> March 7, 2013 Notice of Removal, Paragraphs 1-2.

> <u>Campanella, Not The Court, Attempted To Serve LD&V With Process Via USPS Overnight Mail In January 2013; Since Campanella's Mailing Does Not Constitute Effective Service, LD&V's Removal Was Timely</u>

There is no evidence that the State Court – via the State Court's service by mail program – served LD&V with process in January 2013. To the contrary, and by Campanella's own admission, on or around January 18-19 she sent the Third Party Complaint to LD&V by USPS overnight mail, which LD&V received on or around January 22. As discussed in greater detail in the Argument section below, Campanella's mailing does not constitute proper service. <u>See</u> Kahn Cert., Paragraphs 2-9; <u>se also</u> Veldhuis Cert., Paragraphs 2-3.

4

1569333.11

In fact, the Third Party Complaint was not formally and properly served upon LD&V until February 13 via certified mail/return receipt requested pursuant to the R. 6:2-3(d), service by mail program. Id. Based on the foregoing, it is respectfully submitted that LD&V's March 7, 2013 Notice of Removal was timely filed. It also is clear that default judgment should not have been entered against LD&V.

### LD&V, As A Third Party Defendant, Can Remove A Matter To Federal Court Based Upon Federal Question Jurisdiction; LD&V's Removal, Therefore, Is Proper On The Merits

In her Third Party Complaint, Campanella alleges various causes of action against LD&V including alleged violations of a federal statute, the FDCPA. See March 7, 2013 Notice of Removal, Exhibit B.

It is incorrect to claim that LD&V as a third party defendant cannot remove this matter to Federal Court (see Kahn Cert., Exhibit 2) or that its Notice of Removal is somehow defective because LD&V did not include in its Notice all of the State Court "process, pleadings and orders" (see authorities cited in the Argument section below).

### LD&V's Cross Motion For A Temporary Restraining Order/Order To Show Cause And Vacating Default Judgment

Campanella's entry of default judgment against LD&V is based upon a flawed premise (i.e., Campanella's January 2013 mailing, which does not constitute

5

proper service). In addition, LD&V can present meritorious defenses to the Third Party Complaint. See Veldhuis Cert., Paragraphs 3-6. The Court, therefore, should vacate the default judgment previously entered against LD&V.

As for LD&V's application that the Court enter an Order to Show Cause/Temporary Restraining Order, as more specifically explained in Paragraph 7 of the accompanying, Veldhuis Cert., Campanella believes – wrongly – that she has a valid default judgment against LD&V. She already has begun collection efforts against LD&V, specifically she has served upon LD&V an Information Subpoena (which LD&V received on Wednesday, March 13), requests a response within 14 days, and threatens "contempt sanctions" if LD&V does not comply. See Veldhuis Cert., Paragraph 7.

Since LD&V will suffer immediate and irreparable harm if the Court does not enjoin and restrain Campanella from engaging in collection efforts until the Court has had an opportunity to issue a ruling in connection with Campanella's motion opposing removal and requesting remand and LD&V's cross motion vacating default, it is respectfully submitted that this Court should preserve the *status quo* and enjoin/restrain Campanella as requested, until final disposition of this matter.

For all of the foregoing reasons, it is respectfully submitted that Campanella's motion opposing removal and requesting remand should be denied. It also is respectfully submitted that LD&V's cross motion vacating default should be granted and, in the meantime, this Court should enter an Order enjoining and restraining Campanella from engaging in any collection efforts in furtherance of the default judgment that she incorrectly obtained in State Court.

## ARGUMENT

## POINT I

### CAMPANELLA'S MOTION OPPOSING REMOVAL AND REQUESTING REMAND SHOULD BE DENIED, AS LD&V'S REMOVAL WAS BOTH TIMELY AND PROPER

<u>LD&V's Removal Was Timely</u>

As explained in greater detail above, only Campanella – not the State Court – attempted to serve LD&V with process in January 2013. Campanella's mailing does not constitute proper service. See R. 4:4-4 (in particular R. 4:4-4(c), which provides that service by mail is only effective if the defendant answers the Complaint or otherwise appears in response thereto, otherwise the plaintiff must serve the Complaint as otherwise prescribed by the Rule);[1] see also R. 6:2-3 (in particular R. 6:2-3(a) and (d), which provides - in (a) - that "service may be made by mail pursuant to either R. 4:4-4 <u>by plaintiff</u> or, pursuant to R. 6:2-3(d), <u>by the clerk</u>,

---

[1] R. 4:4-4(c) provides in pertinent part as follows: "Where personal service is required to be made . . . service, in lieu of personal service, may be made by registered, certified or ordinary mail, provided, however, that <u>such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto, and provided further that default shall not be entered against a defendant who fails to answer or appear in response thereto</u> . . . If defendant does not answer or appear within 60 days following mailed service, service shall be made as is otherwise prescribed by this rule, and the time prescribed by R. 4:4-1 for issuance of the summons shall then begin to run anew"

8

and also provides – in (d) – that pursuant to the service by mail program <u>only the Clerk of the Court</u> may effectuate service via certified mail/return receipt requested and ordinary mail) (emphasis supplied).

Based on the foregoing, it is clear that Campanella's mailing does not constitute effective service pursuant to either <u>R.</u> 4:4-4 or <u>R.</u> 6:2-3. Instead, the Third Party Complaint was not formally served upon LD&V until February 13 via certified mail/return receipt requested pursuant to the <u>R.</u> 6:2-3(d), service by mail program. LD&V's March 7 Notice of Removal, therefore, was timely filed, as it was filed both before the 30-day removal period prescribed by 28 <u>U.S.C.</u> 1446(b) which provides that informal receipt of a Complaint does not start the running of the 30-day removal period (see <u>Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 352 (1990) and <u>Sikirica v. Nationwide Ins. Co.</u>, 416 F.3d 214 (3rd Cir. 2005), and before the 35-day period to file an Answer in accordance with <u>R.</u> 6:3-1. Default judgment, therefore, should not have been entered against LD&V.

<u>LD&V's Removal Was Proper On The Merits</u>

In her Third Party Complaint, Campanella alleges various causes of action against LD&V including alleged violations of the federal, FDCPA. As such, this Court has so-called "federal question" jurisdiction of this matter pursuant to 28

---

(emphasis supplied).

9

U.S.C. 1331. This Court also has supplemental jurisdiction over Campanella's remaining claims against LD&V, hence the removal of the entire litigation to Federal Court (especially the entire, Third Party Complaint) is proper.

It also is incorrect to claim that LD&V as a third party defendant cannot remove this matter to Federal Court. While it is true that some jurisdictions subscribe to the view that third party defendants cannot remove matters to State Court, this is not the rule in New Jersey. To the contrary, "[n]o uniform rule regarding a third-party defendant's right to remove exists among federal courts generally or in the Third Circuit" and, further, the trend in New Jersey is that a third party defendant can in fact remove a case to Federal Court where the third party claim is "separate and independent" from the original claim brought by the plaintiff against the defendant. See Weingram & Associates, P.C. v. Grayzel, 2013 U.S. Dist. Lexis 25740 (D.N.J. February 25, 2013); see also Patient Care, Inc. v. Freeman, 755 F.Supp. 644, 650-52 (D.N.J. 1991); Hackensack Univ. Med. Ctr. v. Lagno, 2006 U.S. Dist. Lexis 80497 (D.N.J. 2006) (in defining "separate and independent," holding that removal is proper where the claim against the third party defendant does not arise from the same interlocked series of transactions or alleged wrong to the plaintiff); cf. Palmer v. University of Medicine and Dentistry of New

Jersey, 605 F.Supp.2d 624, 630 (D.N.J. 2009); Moreira v. Peixoto, 2009 U.S. Dist. Lexis 110951 (D.N.J. 2009).

It is respectfully submitted that the "separate and independent" test is satisfied here. This is not a case, for example, where the third party claim is simply a cross claim for contribution or indemnification arising out of the same, alleged wrong (i.e., the third party defendant is alleged to be a joint tortfeasor). See Patient Care, Inc. v. Freeman, 755 F.Supp. at 650-51. Rather, Target's Complaint against Campanella is for collection of an unpaid, credit card debt. The proofs, therefore, will center around the credit card agreement entered into between Target and Campanella, the charges incurred by Campanella, and Campanella's payment – or non-payment – of those charges. The Third Party Complaint, however, presents entirely different factual allegations (i.e., LD&V's efforts to collect the debt from Campanella and its communications with Campanella relating to the same) and an entirely separate, legal standard (i.e., alleged violations of the FDCPA). Since the factual allegations and legal theories raised in the Third Party Complaint are separate and independent from the issues raised in the initial, collection Complaint, removal to Federal Court is appropriate.

Campanella also makes the argument that LD&V's removal somehow was improper because it did not include in its March 7 Notice of Removal "all

process, pleadings, and orders" as required by 28 U.S.C. 1446(a). This argument is flat out wrong, for two separate reasons. First, the statute does not require that the removing party attach all process, pleadings, and orders generally but, rather, only requires attachment of all "process, pleadings, and orders <u>served upon such defendant or defendants in such action</u>." See 28 U.S.C. 1446(a) (emphasis supplied). Since LD&V included in its Notice of Removal all of the process, pleadings and orders <u>served upon it</u>, this does not serve as a basis to defeat removal.

Second, even if Campanella were correct in her assertion that LD&V did not technically comply with the removal statute, which she is not, this nevertheless does not defeat removal because New Jersey Federal Courts have made clear that minor, technical defects do not render removal improper. See, e.g., <u>Thomason Auto Group, LLC v. China America Cooperative Automotive, Inc.</u>, 2009 U.S. Dist. Lexis 22669 (D.N.J. February 27, 2009) (holding in footnote 5 of the opinion that "[a]ssuming *arguendo* that the Removing Parties did fail to attach all 'process and pleadings,' an assumption that is heavily disputed, such a curable procedural defect does not affect the right to remove"), citing <u>Covanta Onondaga Ltd. v. Onondaga County Resource Recovery Agency</u>, 281 B.R. 809, 813 (Bankr. N.D.N.Y. 2002 (holding that failure to file copies of records and proceedings with

12

1569333.11

notice of removal is not fatal to removal notice because it is a curable defect that can be cured at a later date).

For all of the foregoing reasons, LD&V's removal to this Court was both timely and proper on the merits.[2] Campanella's motion opposing removal and requesting remand, therefore, should be denied.

---

[2]Campanella's remaining arguments opposing removal also are without merit and should be rejected. For example, Campanella contends that the removal is improper because Campanella – as one of the defendants in this litigation – did not consent to removal. This argument requires little discussion because it is based upon an incorrect premise, specifically that LD&V and Campanella are co-defendants in this litigation, which they are not. Stated another way, since Campanella (a defendant) has asserted a removable claim against LD&V (a third party defendant), LD&V does not need to obtain Campanella's consent before removing to Federal Court; rather, LD&V only would have to obtain the consent of any other, third party defendants. Since there are no other third party defendants in this proceeding, the removal was proper. And, in any event, LD&V did obtain the consent of the only other party to this litigation (Target). Again, this should not serve as a basis to defeat removal.

## POINT II

## LD&V'S CROSS MOTION FOR A TEMPORARY RESTRAINING ORDER/ORDER TO SHOW CAUSE AND VACATING DEFAULT JUDGMENT SHOULD BE GRANTED

<u>LD&V's Cross Motion Vacating Default Judgment Should Be Granted</u>

It is well established in New Jersey that an application to vacate a default judgment is "viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." See R. 4:50-1, comment 4; see also Marder v. Realty Construction Co., 84 N.J. Super. 313, 319 (App. Div. 1964), affirmed, 43 N.J. 508 (1964). Generally speaking, a default judgment will be vacated where the failure to answer or otherwise appear and defend was excusable under the circumstances, and the defendant has a meritorious defense. Id.; see also US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 468-69 (2012). In addition, and particularly applicable here, the meritorious defense condition may not as a matter of due process be required if the default was procured on the basis of defective service of process. See Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988).

With the foregoing authorities in mind, it is respectfully submitted that LD&V's cross motion vacating default should be granted. First, since the default

judgment was obtained based upon defective service of process, this Court should vacate the judgment as a matter of due process. Second, even if this Court were to require that LD&V present a meritorious defense, it has done so in Paragraphs 3-6 of the accompanying, Veldhuis Cert.

For these reasons, LD&V's cross motion vacating default judgment should be granted.

> This Court Should Enter An Order To Show Cause/Temporary Restraining Order Enjoining And Restraining Campanella From Engaging In Any Collection Efforts Pending Final Disposition Of This Matter

Injunctive relief may be granted upon a substantial showing by the moving party that it is entitled to the drastic relief requested. See Adams v. Freedom Forge Corporation, 204 F.3d 475, 487 (3rd Cir. 2000), citing Sampson v. Murray, 415 U.S. 61, 88 (1974); see also AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3rd Cir. 1994); Frank's GMC Truck Center, Inc. v. General Motors Corporation, 847 F.2d 100, 102 (3rd Cir. 1988); Fed. R. Civ. P. 65; L. Civ. R. 65.1.

In order to obtain a Temporary Restraining Order ("TRO"), the moving party must show that: (1) it is reasonably likely to succeed on the merits; and (2) it will suffer immediate irreparable injury without an injunction. See Adams, 204 F.3d at 484-85; see also AT&T, 42 F.3d at 1427; Acierno v. New Castle Cty., 40 F.3d

645, 653 (3rd Cir. 1994). In addition, if relevant, the Court also should examine: (1) the likelihood of irreparable harm to the defendant/non-moving party; and (2) whether the injunction serves the public interest. See Adams, 204 F.3d at 484-85; see also AT&T, 42 F.3d at 1427. A TRO should issue only if plaintiff produces sufficient evidence to convince the Court that all four factors favor injunctive relief. Id., citing Opticians Ass'n v. Independent Opticians, 920 F.2d 187, 191-92 (3rd Cir. 1990).

As demonstrated above, LD&V is entitled to the issuance of a TRO enjoining and restraining Campanella from engaging in any collection efforts concerning the State Court default judgment pending a final determination on the merits. First, for all of the reasons discussed above (i.e., LD&V was not properly served with the Third Party Complaint until February 13, the State Court default judgment was incorrectly entered by the State Court, LD&V's removal on March 7 was timely, and the removal is proper on the merits), LD&V has proven a reasonable likelihood of success on the merits.

Second, as explained in Paragraph 7 of the accompanying, Veldhuis Cert., LD&V will suffer irreparable harm if it is required to respond to the Information Subpoena served upon it and otherwise be compelled to comply with Campanella's efforts to collect on a default judgment that was incorrectly entered. It

16

is well established in this respect that the irreparable harm component of the TRO standard is met if a plaintiff "demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." See Adams, 204 F.3d at 484-85; see also Frank's GMC Truck Center, Inc., 847 F.2d at 102-03 (3rd Cir. 1988).

Third, assessing the propriety of injunctive relief also mandates that LD&V's application be granted. Campanella will suffer no harm if a TRO is entered because she was not entitled to have default judgment entered against LD&V in the first place. Further, the public interest warrants the grant of LD&V's application because to hold otherwise would embolden any litigant to attempt to serve a defendant through improper means, have the Court enter default judgment against the blameless defendant (who was entitled to rely upon the Court's service of process rules), then attempt to collect on the improperly entered judgment before the defendant can even file a motion to vacate or otherwise be heard by the Court on the merits. All of these considerations mandate that the Court enter a TRO/Order to Show Cause.

For all of the foregoing reasons, LD&V's application for a TRO/Order to Show Cause should be granted.

17

1569333.11

## CONCLUSION

For all the foregoing reasons, third party defendant Lyons, Doughty & Veldhuis, P.C. respectfully submits that defendant/third party plaintiff's motion opposing removal and requesting remand should be denied, and also submits that its cross motion for a temporary restraining order/order to show cause and vacating default should be granted.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
Attorneys for Third Party Defendant
Lyons, Doughty & Veldhuis, P.C.

By: _/s/ Gregg Kahn_____
Gregg S. Kahn

Dated: March 20, 2013