**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TARGET NATIONAL BANK,<br><br>    Plaintiff,<br><br>  v.<br><br>NICOLE CAMPANELLA,<br><br>    Defendant/Third-Party<br>    Plaintiff,<br><br>  v.<br><br>LYONS, DOUGHTY & VELDHUIS,<br>P.C.,<br><br>    Third-Party Defendant. | Civil No. 13-1381<br>(NLH)(AMD)<br><br>**MEMORANDUM**<br>**OPINION & ORDER** |

DAVID R. LYONS
LYONS & DOUGHTY & VELDHUIS, P.C.
136 GAITHER DRIVE
SUITE 100
P.O. BOX 1269
MT. LAUREL, NJ 08054
    On behalf of plaintiff

NICOLE CAMPANELLA
1136 TAMARIND PLACE
WILLIAMSTOWN, NJ 08094
    On behalf of herself *pro se*

GREGG S. KAHN
WILSON ELSER
33 WASHINGTON STREET
NEWARK, NJ 07102
    On behalf of third-party defendant

**HILLMAN, District Judge**

WHEREAS, plaintiff, Target National Bank (the "bank") having filed suit against defendant, Nicole Campanella, in New Jersey

Superior Court, Law Division, Gloucester County, to collect on an unpaid debt; and

Campanella, proceeding *pro se*, having filed a third-party complaint against the law firm that represents the bank, alleging that the firm violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1962, et seq., the New Jersey counterpart to the FDCPA, and the New Jersey Consumer Fraud Act, in its attempts to collect the purported debt; and

The law firm having removed Campanella's third-party complaint[1] to this Court pursuant to 28 U.S.C. § 1441,[2] claiming this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because of Campanella's FDCPA claim[3]; and

---

[1] It is unclear from the law firm's notice of removal whether it intended to remove the bank's collection action against Campanella along with her third-party complaint against the law firm. Even though such procedure is improper, the issue is moot, as the case, including Campanella's third-party complaint, cannot be maintained here.

[2] Removal of a case from state to federal court is governed by 28 U.S.C. § 1441. Section 1441 is to be strictly construed against removal, so that the Congressional intent to restrict federal jurisdiction is honored. Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). The procedure for the removal of a case is governed by 28 U.S.C. § 1446(b)(2)(B), which provides, in relevant part, "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." The parties contest when the law firm's 30-day window began.

[3] The law firm removed Campanella's third-party complaint to this Court based on the well-pleaded complaint rule--i.e., the complaint raises a substantial federal question. "The presence or

Campanella having immediately filed a motion for remand, claiming that the law firm was out-of-time to remove the matter, and that she had obtained a default judgment against the law firm for its failure to respond to her third-party complaint; but

The law firm arguing that it properly removed the case, the default judgment entered against it was improperly entered, and that Campanella should be precluded from enforcing an information subpoena she served upon it;[4] and

The Court noting that the parties dedicate a significant portion of their briefs and correspondence discussing the

---

absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. Campanella states in her brief that she is willing to dismiss her FDCPA claim in order for her case to be remanded to state court. She may assert or withdraw any claims as she wishes; however, because she has not dismissed her FDCPA claim, the Court must assess the propriety of the removal of her third-party complaint as it stands now with the active FDCPA claim.

[4]The parties filed numerous letters with the Court concerning each other's conduct related to issues with Campanella's default judgment in state court and the propriety of the law firm's removal of the case to this Court. The parties eventually agreed to maintain the status quo and refrain from any further actions until the motion for remand was decided. (See Docket No. 24.) With regard to the law firm's argument that the default judgment entered in state court was improper and that Campanella should not be permitted to enforce her information subpoena, this forum is not the proper one to challenge those state court proceedings.

propriety of the service of the third-party complaint, the imposition of the default judgment against the law firm, the timing of the notice of removal, and various other actions in the state court proceedings; but

The Court finding that the main issue informing the validity of the law firm's removal of Campanella's third-party complaint is whether it was properly severed from the underlying state court action in which Campanella filed the third-party complaint; and

The law firm acknowledging that the majority of jurisdictions disallow the removal of third-party complaints, but contending that courts in this District have adopted a minority view allowing the removal of third-party complaints; and

The Court recognizing, "[N]o uniform rule regarding a third-party defendant's right to remove exists among federal courts generally or in the Third Circuit," but that the "overwhelming weight of authority" holds that a third-party defendant may not remove a case to federal court under § 1441, Weingram & Associates, P.C. v. Grayzel, 2013 WL 705041, 2-3 (D.N.J. 2013) (citing Deutsche Bank Nat. Trust Co. v. Cothran, 2012 WL 1965420 *3 (D.N.J. 2012) (citing Hackensack Univ. Med. Ctr. v. Lagno, 2006 WL 3246582, *2 (D.N.J. 2006); Palmer v. University of Medicine and Dentistry of New Jersey, 605 F. Supp 2d. 624, 630 (D.N.J. 2009)); and

4

The Court further noting that a minority of courts, including courts in this District, have held that a third-party complaint can serve as the basis for federal jurisdiction, but in making that finding, those courts have held that the third-party complaint must be "separate and independent" from the original claims, id. (citing Hackensack Univ. Med. Ctr., 2006 WL 3246582 at *4-5 (finding that a third-party complaint for indemnification is not "separate and independent" from the first-party complaint for breach of contract relating to payment for medical services); Patient Care Inc. v. Freeman, 755 F. Supp. 644, 650-52 (D.N.J. 1991) (same); cf. Deutsche Bank Nat. Trust Co. v. Cothran, 2012 WL 1965420, *3 (D.N.J. 2012) (finding that the third-party complaint's allegations regarding purported violations of the FDCPA are arguably sufficiently distinct from the home foreclosure action and therefore such claim is subject to removal under 28 U.S.C. § 1441(a), but ultimately dismissing the FDCPA claim for inadequate pleading); and

The Court finding that Target National Bank's claim against Campanella that she owes it over $10,000 is not separate and independent from Campanella's claim that the law firm enlisted by the bank to collect that debt from Campanella committed violations of the federal and state statutes that regulate debt collection practices; and

Thus, the Court finding that even if the law firm was

properly served with the third-party complaint and it timely filed its notice of removal, the action must still be remanded to state court;

Accordingly,

IT IS on this   17th   day of September , 2013

ORDERED that the Motion to Remand by NICOLE CAMPANELLA [4] is GRANTED; and it is further

ORDERED that the Cross-Motion for Temporary Restraining Order and Order to Show Cause by LYONS, DOUGHTY & VELDHUIS, P.C. [19] is DENIED; and it is further

ORDERED the this action is REMANDED to New Jersey Superior Court, Law Division, Gloucester County; and it is further

ORDERED that the law firm shall e-mail or fax a copy of this Memorandum Opinion & Order to Campanella upon its receipt of it.

At Camden, New Jersey                   s/ Noel L. Hillman
                                        NOEL L. HILLMAN, U.S.D.J.